**COLUMBIA INSURANCE COMPANY and H.H. Brown Shoe Company, Inc., Plaintiffs,**

v.

**BROWN SHOE COMPANY, INC. and Brown Group Retail Inc. d/b/a Famous Footwear, Defendants.**

No. 3:05CV688 (JBA).

United States District Court, D. Connecticut.

Dec. 28, 2005.

---

1. The Court also DENIES as moot Application for Prejudgment Remedy [doc. # 23].

David Chen, Gene S. Winter, James P. Jeffry, St. Onge, Steward, Johnston & Reens, Stamford, CT, Fritz L. Schweitzer, III, Schweitzer Cornman Gross & Bondell LLP, New York, NY, for Plaintiffs.

Anthony C. Martin, Michael R. Annis, Michelle Alvey, Blackwell Sanders LLP, St. Louis, MO, Douglas S. Skalka, James A. Lenes, Simon I. Allentuch, Neubert, Pepe & Monteith, New Haven, CT, for Defendants.

**Ruling on Defendants' Motion for More Definite Statement [Doc. # 31]**

ARTERTON, District Judge.

Plaintiffs Columbia Insurance Company ("Columbia") and H.H. Brown Shoe Company, Inc. ("H.H.Brown") filed their initial Complaint in this action on April 29, 2005, *see* Complaint [Doc. # 1], asserting, *inter alia,* three claims of trade dress infringement, each based on an individual shoe in the "BORN" shoe line, *see* Complaint ¶¶ 29–58, and one claim of trade dress infringement based on allegedly distinctive packaging bearing the "BORN" name, *see* Complaint ¶¶ 59–68. Defendants answered plaintiffs' Complaint on June 27, 2005, responding to the allegations in each of the four claims of trade dress infringement in plaintiffs' Complaint. *See* Answer [Doc. # 18] ¶¶ 29–68.

Plaintiffs subsequently filed an Amended Complaint with permission of the Court on September 21, 2005, *see* [Doc. # 28], adding, *inter alia,* two new claims of trade dress infringement, each based on an individual shoe in the "BORN" line. Amended Complaint ¶¶ 96–115. Plaintiffs' claims of trade dress infringement in both their Complaint and Amended Complaint attached photographs of the individual shoes and "distinctive" packaging on which plaintiffs based their trade dress claims and also provided photographs of the individual shoes and packaging accused of infringing plaintiffs' trade dress rights. *See* Complaint Exs. B–E (plaintiffs' products) & F–I (defendants' accused products); Amended Complaint Exs. B–E, K–L (plaintiffs' products) & F–I, M–N (defendants' accused products). On October 4, 2005, defendants filed the instant Motion for More Definite Statement [Doc. # 31] arguing that "[p]laintiffs' allegations concerning 'trade dress' rights are extremely vague and ambiguous and fail to give reasonable notice of the alleged rights asserted against defendants." Motion for More Definite Statement at 1. For the reasons that follow, defendants' motion will be DENIED.

**I. STANDARD**

Federal Rule of Civil Procedure 12 provides: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed.R.Civ.P. 12(e). However, such a motion should not be granted if the complaint complies with the "short and plain statement" requirement of Federal Rule of Civil Procedure 8 because the "aim of Rule 12(e) is to remedy unintelligible pleadings, not to correct for lack of detail." *See Pullen v. NorthStar Presidio Mgmt. Co., LLC,* No. 98cv771 (WWE), 1998 WL 696010, at *1 (D.Conn. Sept. 11, 1998). Such motions are generally disfavored and are not intended as a substitute for the "normal discovery process." *Allstate Ins. Co. v. Seigel,* 312 F.Supp.2d 260, 277 (D.Conn.2004).

**II. DISCUSSION**

Defendants argue that they are entitled to a more definite statement of plaintiffs' trade dress infringement claims because plaintiffs' allegations "are extremely vague and ambiguous and fail to give reasonable notice of the alleged rights asserted against [d]efendants" sufficient to enable defendants to respond. *See* Motion for More Definite Statement at 1; Def. Reply [Doc. # 44] at 1. Defendants contend that it is unclear from plaintiffs' Amended Complaint whether the trade dress rights plaintiffs are claiming are

for the entire "BORN" line or for the specific shoes referenced and pictured in the Amended Complaint and the exhibits thereto, and what specific elements of the shoes constitute the trade dress rights at issue. Additionally, defendants argue that plaintiffs' Amended Complaint is deficient because it does not articulate which specific elements of defendants' accused products infringe on plaintiffs' claimed trade dress rights. Lastly, defendants argue that plaintiffs must be required to clarify the owner of the claimed trade dress rights (as opposed to stating "Plaintiffs' Trade Dress") because pursuant to the Lanham Act "both plaintiffs cannot be the beneficiary of the source-indicating function of trade dress," since the "function of trademark is to identify a single source of goods or services." *See* Def. Reply at 6 (citing 15 U.S.C. § 1127).

Plaintiffs respond that their Amended Complaint is sufficient to allow defendants to frame their responsive pleading given that defendants have already responded to identical allegations in plaintiffs' original Complaint, which asserted trade dress claims identical to four of the six trade dress claims asserted in their Amended Complaint. Plaintiffs further contend that it is clear from the face of the Amended Complaint that they are claiming rights in the trade dress of five specific shoes, whose pictures are exhibited, and one type of distinctive packaging, which is also pictured in an exhibit, and that they identify in their Amended Complaint those products that are accused of infringing and attach photographs of each accused product. Additionally, plaintiffs reference interrogatory responses in which they specify the trade dress elements underlying each of their claims and the infringing elements of defendants' products.[1] *See* Pl. Opp. [Doc. # 35] at 5 & Ex. 1 (interrogatory responses). Lastly,

plaintiffs clarify in their briefing that plaintiff Columbia is the owner of the claimed trade dresses and plaintiff H.H. Brown is a licensee of the trade dresses, and state that they will supplement their interrogatory answers accordingly. *See id.* at 8.

Defendants' attempt to characterize the Amended Complaint as vague notwithstanding, it is clear that plaintiffs' claims do not implicate the entire BORN line, but rather five specific shoes and one set of packaging. The record shows that defendants havé already responded to four of the six trade dress claims asserted in the Amended Complaint in their Answer to plaintiffs' initial Complaint. *See* Answer ¶¶ 29–68. Additionally, the two new trade dress infringement claims in plaintiffs' Amended Complaint follow the same format as the claims to which defendants have already responded and include both exhibits picturing the particular shoes on which these new claims are based, as well as exhibits picturing the accused products. *See* Amended Complaint ¶¶ 96–105 (Count IX), ¶¶ 106–15 (Count X), Exs. K & L (plaintiffs' products), Exs. M & N (defendants' products). Plaintiffs have also provided interrogatory responses detailing the design features and elements that comprise the trade dresses that underlie four out of plaintiffs' six trade dress infringement claims. *See* Pl. Opp. at Ex. 1. There is nothing preventing defendant from serving additional interrogatories requesting that plaintiffs similarly specify the design features and elements of the trade dresses underlying their two new trade dress claims. Lastly, plaintiffs have also already identified for defendant that plaintiff Columbia is the owner of the claimed trade dresses, and plaintiff H.H. Brown is a licensee, and have agreed to supplement their interrogatory answers accordingly.[2]

---

1. Plaintiffs' interrogatory responses were filed prior to the filing of their Amended Complaint and therefore they do not particularize the specific trade dress elements of the two additional shoes claimed in the Amended Complaint.

2. In support of their contention that they are entitled to a more definite statement based, *inter alia,* on plaintiffs' failure to identify the owner of the trade dress rights claim, defendants cite *Forschner Group, Inc. v. Arrow Trading Co., Inc.,*

124 F.3d 402 (2d Cir.1997), for the proposition that in order to be protectable a trade dress must "be associated in the consuming public's mind with a single source of origin." *Id.* at 408. Plaintiffs have now clarified the ownership of the claimed trade dress rights and will supplement their interrogatory responses accordingly; whether plaintiffs' trade dress ownership arrangement will have implications for their ability to meet the requirements for protection of trade dress rights set forth in *Forschner* may be an

Thus, plaintiffs have alleged their trade dress claims with sufficient particularity to enable defendants to respond, as illustrated by the fact that defendants have already responded to identical allegations previously. Moreover, as plaintiffs initial interrogatory responses demonstrate, discovery procedures are more than sufficient for defendants to obtain any additional detail they may require about the design features and elements of plaintiffs' asserted trade dress rights.[3] Accordingly, defendants' Motion for More Definite Statement must be denied.[4]

## III. CONCLUSION

For the foregoing reasons, defendants' Motion for More Definite Statement [Doc. # 31] is DENIED.

IT IS SO ORDERED.

issue for a motion to dismiss, but is not a factor to be considered by the Court in deciding the instant motion for a more definite statement.

3. The cases cited by defendants in support of their motion are either distinguishable factually because the trade dress rights claimed in the cases relate to an entire line of products or are described in very generalized terms, or are inapposite because they concern analysis of a plaintiff's allegations and/or proof of trade dress infringement at procedural postures other than consideration of a motion for a more definite statement. *See, e.g., Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 116–18 (2d Cir.2001) (appeal after post-trial motions; determining that plaintiff's failure to articulate the claimed trade dress rights in an entire product line—where plaintiff's only description was "the artistic combination of cable [jewelry] with other elements"—required dismissal as a matter of law); *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 380–82 (2d Cir.1997) (appeal of grant of preliminary injunction for protection of a line of outdoor furniture holding that the proof presented in proceedings before the district court was not sufficiently specific to justify the court's preliminary injunction where plaintiff's only description was "a specific expression of site furniture"); *Agilent Techs., Inc. v. Micromuse, Inc.*, No. 04 Civ. 3090(RWS), 2004 WL 2346152, at *3–6 (S.D.N.Y. Oct.19, 2004) (granting defendant's motion for a more definite statement, finding that defendant could not respond to plaintiff's complaint asserting claims of patent infringement where the plaintiff had not identified any allegedly infringing product of products).

4. Defendants argue that plaintiffs' titling of their claims as trade dress "infringement" claims is confusing because plaintiffs' trade dress rights are not registered with the United States Patent and Trademark Office and therefore plaintiffs cannot bring claims for "infringement" pursuant to 15 U.S.C. § 1115(a). *See* Def. Reply at 3 & n. 4. However, as defendants acknowledge, plaintiffs have brought their claims pursuant to 15 U.S.C. § 1125, which provides for "civil action[s] for trade dress infringement" of trade dresses that are not registered. *See* 15 U.S.C. § 1125(a). That plaintiffs' claimed trade dress rights are not registered, and that they therefore bring their infringement claims pursuant to Section 1125 instead of Section 1115, in no way undermines the Court's conclusion that the allegations in plaintiffs' Amended Complaint sufficiently put defendants on notice as to the trade dress rights being claimed.

Defendants also appear to argue that the trade dress claims asserted in plaintiffs' Amended Complaint fail to demonstrate that the trade dress rights claimed are entitled to protection and thus fail to state claims for trade dress infringement. *See* Def. Reply at 3–4 (citing cases). However, whether plaintiffs have failed to state claims of trade dress infringement or will ultimately be able to prove such claims are issues to be reserved for future motions to dismiss and/or for summary judgment and are not relevant to the Court's determination of whether defendant's Motion for More Definite Statement pursuant to Fed.R.Civ.P. 12(e) is warranted.